

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00580-CR

Cheryl **STEVENSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR6195
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios Justice
             Beth Watkins, Justice

Delivered and Filed: October 23, 2019

DISMISSED

Appellant Cheryl Stevenson entered into a plea bargain with the State, and pled nolo contendere to the offense of retaliation. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Stevenson timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and that the trial court denied permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Having reviewed the clerk's record, we conclude the trial court's certification accurately states that this is a plea bargain case and Stevenson does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *See* TEX. R. APP. P. 25.2(d).

On September 24, 2019, we gave Stevenson notice that the appeal would be dismissed unless she filed a written response establishing she has a right of appeal or caused an amended trial court certification stating she has the right to appeal to be made part of the appellate record by October 15, 2019. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.– San Antonio 2003, order) (en banc), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither a response nor an amended certification showing Stevenson has the right to appeal has been filed. We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH